IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JUSTIN LEVI WRIGHT,<br>No. 02265949, | § | |
| | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. 4:25-CV-863-O |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Came on for consideration the petition of Justin Levi Wright under 28 U.S.C. § 2254. The Court, having considered the petition, the response, the reply, the record, and applicable authorities, concludes that the petition must be **DISMISSED**.

## I.    BACKGROUND

On May 23, 2019, Wright pled guilty to continuous sexual abuse of a young child and was sentenced to a term of imprisonment of twenty-five years under Case No. CR18-0606 in the 415th Judicial District Court, Parker County, Texas. ECF No. 12-2 at 6–8. He did not appeal. On April 21, 2024, he signed a state application for writ of habeas corpus. *Id.* at 16–31. On March 12, 2025, the Texas Court of Criminal Appeals ("CCA") denied the petition without written order based on the findings of the trial court and on the Court's own independent review. ECF No. 12-1.

On July 24, 2025, Wright filed his federal petition initiating this case. ECF No. 1 at 15.[1]

## II.    GROUNDS OF THE PETITION

Wright asserts four grounds in support of his petition. First, he should have received a

---

[1] The page number references to the petition are to "Page __ of 16" reflected at the top right portion of the document on the Court's electronic filing system.

mental health evaluation. Second, his plea was involuntary. Third, the evidence was insufficient to support his conviction. And, fourth, the evidence from the victim was unsubstantiated hearsay. ECF No. 1 at 5–10.

## III. APPLICABLE STANDARDS OF REVIEW

### A. Limitations

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1).   Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006); *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro*, 294 F.3d at 682. Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander*, 294 F.3d at 629. Ineffective assistance is irrelevant to the determination of a right to equitable tolling because a prisoner has no right to counsel during post-conviction proceedings. *Petty*, 530 F.3d at 366. Transfers and delays in receiving paperwork are parts of prison life and are not rare and extraordinary. *Wallace v. United States*, 981 F. Supp. 2d 1160, 1165 (N.D. Ala. 2013); *United States v. Cockerham*, No. SA-12-CA-714-WRF, 2012 WL 12867870, at *2 (W.D. Tex. Aug. 27, 2012). Equitable tolling applies to limitations of prison library access only when those limitations actually prevented the movant from timely filing his motion. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011).

3

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.*. "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### B.    Exhaustion

The exhaustion doctrine requires that the state courts be given the initial opportunity to address alleged deprivations of constitutional rights. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). The petitioner must present his claims to the highest court of the state, here, the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). And, all of the grounds raised must be fairly presented to the state courts before being presented in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). That is, the state courts must have been presented with the same facts and legal theories presented in federal court. The petitioner cannot present one claim in federal court and another in state court. *Id.* at 275–76. Presenting a "somewhat similar state-law claim" is not enough. *Anderson*, 459 U.S. at 6; *Wilder v. Cockrell*, 274 F.3d 255, 260 (5th Cir. 2001). Where a petitioner fails to exhaust his state remedies and any attempt to exhaust those remedies would now be procedurally barred, those claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).

For the Court to reach the merits of unexhausted claims, the petitioner must demonstrate either (1) cause for the procedural default and actual prejudice, or (2) that he is actually innocent of the offense for which he was convicted. *McQuiggin*, 569 U.S. at 386; *Coleman*, 501 U.S. at 750. To establish actual innocence, the petitioner must provide the Court with "new reliable evidence— whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" and show that, in light of such evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 324.

## IV.    ANALYSIS

Because Wright did not appeal, his conviction became final on June 24, 2019.[2] Thus, he had until June 23, 2020, in which to file his federal habeas petition. Because his state habeas application was not timely filed, it does not operate to toll limitations. *Scott*, 227 F.3d at 263. His federal petition is untimely by five years. He has not made any attempt to establish that he is entitled to equitable tolling and there is no reason to believe that he would be.

In addition to being untimely, Respondent notes that Wright's fourth ground in support of relief was not presented to the CCA. ECF No. 9 at 11–14. Wright has not demonstrated any extraordinary circumstance to be able to proceed with this ground here. Moreover, if he presented it to the state court at this time, it would be procedurally barred.

## V.    CONCLUSION

For the reasons discussed herein, the petition is **DISMISSED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of

---

[2] As Respondent explains, the last day for Wright to appeal was a Saturday, so the conviction became final the following Monday. ECF No. 9 at 7 & n.5.

appealability is **DENIED**.

**SO ORDERED** this **20th day** of **November, 2025**.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

6